UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIN FORTUNE,<br>IVY GREEN, and<br>MARLEE GREEN, a minor by her mother<br>IVY GREEN,<br><br>    Plaintiff,<br><br>v.<br><br>WHITE LEGACY PROPERTIES, LLC<br>d/b/a and a/k/a INDIANAPOLIS<br>MARRIOTT DOWNTOWN,<br><br>WHITE LODGING SERVICES CORPORATION<br>d/b/a and a/k/a INDIANAPOLIS<br>MARRIOTT DOWNTOWN,<br><br>WHITE LODGING LEASING, LLC<br>d/b/a and a/k/a INDIANAPOLIS<br>MARRIOTT DOWNTOWN,<br><br>MARRIOTT INTERNATIONAL, INC.<br><br>    Defendants. | Cause No. 1:21-cv-02682-RLY-TAB |

**ANSWER, DEFENSES, AND JURY DEMAND**
**OF DEFENDANT WHITE LEGACY PROPERTIES, LLC**

Defendant, White Legacy Properties, LLC, (incorrectly identified as White Legacy Properties, LLC d/b/a and a/k/a Indianapolis Marriott Downtown) tenders its Answer, Defenses, and Jury Demand to the Plaintiff's Complaint as follows:

**FIRST DEFENSE**

1. Plaintiff Erin Fortune is a resident and citizen of the state of Michigan.

**ANSWER:** The Defendant, White Legacy Properties, LLC, lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Plaintiff Ivy Green is a resident and a citizen of the state of Michigan.

**ANSWER:** The Defendant, White Legacy Properties, LLC, lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. Plaintiff Marlee Green, a minor, is a resident and citizen of the state of Michigan. Her claims in this case are brought on her behalf by her mother, Ivy Green.

**ANSWER:** The Defendant, White Legacy Properties, LLC, lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Defendant White Legacy Properties, LLC is a Delaware limited liability company with its principal place of business in Merrillville, Indiana. It is a corporate citizen of the state of Indiana.

**ANSWER:** The Defendant, White Legacy Properties, LLC, admits the allegations set forth in paragraph 4 of the Complaint.

5. Defendant White Lodging Services Corporation is an Indiana Corporation with its principal place of business in Merrillville, Indiana. It is a corporate citizen of the state of Indiana.

**ANSWER:** The allegations set forth in paragraph 5 of the Complaint are not directed toward this defendant, and therefore no response is required. To the extent a response may be required, the Defendant, White Legacy Properties, LLC, lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Defendant White Lodging Leasing, LLC is a Delaware limited liability company with its principal place of business in Merrillville, Indiana. It is a corporate citizen of the state of Indiana.

**ANSWER:** The allegations set forth in paragraph 6 of the Complaint are not directed toward this defendant, and therefore no response is required. To the extent a response may be required, the Defendant, White Legacy Properties, LLC, lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Defendant Marriott International, Inc. is a Delaware corporation with its principal place of business in Bethesda, Maryland. It is a corporate citizen of the state of Maryland.

**ANSWER:** The allegations set forth in paragraph 7 of the Complaint are not directed toward this defendant, and therefore no response is required. To the extent a response may be required, the Defendant, White Legacy Properties, LLC, lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. This Court has personal jurisdiction over Defendants because the personal injury in this case occurred in Marion County, Indiana and the events giving rise to this case occurred in Marion County, Indiana.

**ANSWER:** The Defendant, White Legacy Properties, LLC, objects to the allegations of paragraph 8 because the same constitute legal conclusions, such that no answer should be required. To the extent an answer may be required, Defendant, White Legacy Properties, LLC, admits that the Plaintiff has alleged that certain events took place in Marion County, Indiana and, answering further, the Defendant, White Legacy Properties, LLC states that it does not object to the Court's exercise of personal jurisdiction over it.

9. This Court has subject matter jurisdiction over this claim under 28 U.S.C. § 1332.

**ANSWER:** The Defendant, White Legacy Properties, LLC, objects to the allegations of paragraph 9 because the same constitute legal conclusions, such that no answer should be required. The Defendant, White Legacy Properties, LLC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9, because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the Plaintiffs' citizenship in the state of Michigan. Answering further, while the Plaintiff has alleged that the amount in controversy exceeds $75,000, the Defendant, White Lodging, LLC denies that the Plaintiff is entitled recovery of that amount, or any amount whatsoever.

10. The amount in controversy exceeds $75,000.

**ANSWER:** The Defendant, White Legacy Properties, LLC, admits that the Plaintiff has demanded over $75,000, but denies the allegations set forth in paragraph 10 of the Complaint.

11. This Court is a proper venue for the claims in this Complaint in accordance with 28 U.S.C. § 1391(B)(2).

**ANSWER:** The Defendant, White Legacy Properties, LLC, admits the allegations in paragraph 11.

12. Defendants owned and operated the downtown Indianapolis Marriott Hotel in October 2019.

    **ANSWER:** The Defendant, White Legacy Properties, LLC, denies the allegations set forth in paragraph 12 of the Complaint.

13. Plaintiffs stayed as paying hotel guests at Defendants' downtown Indianapolis Marriott Hotel from October 23, 2019 through October 27, 2019.

    **ANSWER:** The Defendant, White Legacy Properties, LLC, lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Defendants' hotel had an infestation of bedbugs in October 2019.

    **ANSWER:** The Defendant, White Legacy Properties, LLC, lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. While staying as guests at Defendants' hotel, Plaintiffs were exposed to bedbugs and bitten by bedbugs.

    **ANSWER:** The Defendant, White Legacy Properties, LLC, lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Plaintiffs have suffered injury as a result of the exposure to bedbugs and the bites of the bedbugs. Plaintiffs have also had to dispose of personal property that was contaminated by bedbugs.

    **ANSWER:** The Defendant, White Legacy Properties, LLC, denies the allegations set forth in paragraph 16 of the Complaint.

17. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16.

**ANSWER:** The Defendant, White Legacy Properties, LLC, incorporates its response to paragraphs 1 through 16 of the Complaint as if fully restated here.

18. As the operator of a hotel, Defendants had a duty to ensure that its hotel was not infested with bedbugs.

**ANSWER:** The Defendant, White Legacy Properties, LLC, denies the allegations contained in paragraph 18 of the Complaint.

19. Defendants breached their duty as their hotel was infested with bedbugs and they allowed guests to stay at their hotel.

**ANSWER:** The Defendant, White Legacy Properties, LLC, denies the allegations set forth in paragraph 19 of the Complaint.

20. As a direct and proximate result of this breach of duty, Plaintiffs have suffered bodily injury and property loss. Their damages total more than $75,000 each.

**ANSWER:** The Defendant, White Legacy Properties, LLC, denies the allegations set forth in paragraph 20 of the Complaint.

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20.

**ANSWER:** The Defendant, White Legacy Properties, LLC, incorporates its responses to paragraphs 1 through 20 as if fully restated here.

22. By not preventing the bedbug infestation, Defendants acted with conscious disregard for the rights and safety of others, including Plaintiffs.

**ANSWER:** The Defendant, White Legacy Properties, LLC, denies the allegations set forth in paragraph 22 of the Complaint.

23. Plaintiffs should be awarded punitive damages against Defendants.

**ANSWER:**  The Defendant, White Legacy Properties, LLC, denies the allegations set forth in paragraph 23 of the Complaint.

**WHEREFORE,** Defendant, White Legacy Properties, LLC, denies that the Plaintiffs are entitled to the relief requested by their Complaint, or in any amount or manner whatsoever, and requests that this Court enter judgment in the Defendant's favor and issue all just and proper relief in the Defendant's favor as the Court deems proper.

### SECOND DEFENSE

White Legacy Properties, LLC, denies that it violated any legal duty to the Plaintiff's decedent, denies that it caused any injury, disputes the nature and the extent of the injuries alleged, and denies that it should be held liable to Plaintiff in any manner whatsoever.

### THIRD DEFENSE

By enumerating certain defenses herein, White Legacy Properties, LLC, does not assume any burden of proof as to any matters for which it would not carry a burden of proof under law.

### FOURTH DEFENSE

As to any matter stated in the Plaintiff's Complaint which has not specifically been admitted, denied, or sufficiently controverted, the same are hereby denied.

### FIFTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted. Ind. T.R. 12(B)(6).

### SIXTH DEFENSE

The Plaintiffs decedent are chargeable with comparative fault regarding the alleged occurrence and their comparative fault was greater than the fault of all persons (if any) whose fault proximately contributed to the Plaintiffs' alleged damages (if any). Accordingly, the Plaintiffs' claim is barred in accordance with the Indiana law on comparative fault, at Ind. Code § 34-51-2-1, *et seq.*

### SEVENTH DEFENSE

The Plaintiffs are chargeable with comparative fault regarding the alleged occurrence in question, and any award in Plaintiffs' failure shall be reduced proportionally in accordance with the Indiana law on comparative fault, at Ind. Code § 34-51-2-1, *et seq.*

### EIGHTH DEFENSE

The Plaintiffs' alleged injuries and damages may have been caused by non-parties, and the Defendant shall not be liable for any fault attributed to such non-parties. The Defendant reserves the right to identify non-parties who may bear fault for the alleged injuries and damages as investigation and discovery continue.

### NINTH DEFENSE

Ind. Code § 32-33-7-2 limits the liability of a proprietor of manager of a hotel with respect to the loss or damage to property of a guest. Under that Act, the Plaintiffs' are barred from recovering for loss or damage to property, because the property was not deposited with the

manager or proprietor. Alternatively, for any items that were deposited (if any), the hotel's liability is limited to $600.

### TENTH DEFENSE

Ind. Code § 32-33-7-5 limits the liability for loss or damage to property following a hotel guests' departure to $100.

### ELEVENTH DEFENSE

The caps on liability for loss or damage to property while in transit to or from any hotel found at Ind. Code § 32-33-7-6 may also apply.

### TENTH DEFENSE

The Plaintiff's alleged damages may have been satisfied, in whole or in party, by collateral sources. Therefore, the Defendant is entitled to seek a reduction by the trier of fact or any permitted collateral source recovery.

### ELEVENTH DEFENSE

The Defendant should be entitled to an award of costs under 28 U.S.C § 1332(b) in the event the amount of the Plaintiffs' recovery is less than $75,000.

The Defendant, White Legacy Properties, LLC, reserves the right to identify additional affirmative defenses as they become known.

**WHEREFORE,** the Defendant, White Legacy Properties, LLC, respectfully requests that the Plaintiffs take nothing by away of their Complaint, and that the Defendant be awarded all reasonable expenses incurred in the defense of this action, and that the Defendant be granted all such further relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Defendant, White Legacy Properties, LLC, hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

Respectfully submitted,

_/s/ Brett T. Clayton_
Brett T. Clayton (#27062-49)
REMINGER CO., L.P.A.
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN 46268
T: 317-854-8231
F: 317-228-0943
bclayton@reminger.com
***Attorney for Defendants***

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document has been filed electronically this **7th** day of **January, 2022** via the United State District Court's CM/ECF System:

Louis C. Schneider
THOMAS LAW OFFICES, PLLC
250 East Fifth Street, Suite 440
Cincinnati, OH 45202

                                                 /s/ Brett T. Clayton
                                               Brett T. Clayton (#27062-49)
                                               REMINGER CO., L.P.A.